# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID WALLACE,** | : | |
| Plaintiff, | : | Case No. 2:17-cv-792 |
| v. | : | Judge George C. Smith |
| **JOSEPH T. RYERSON & SON, INC.,** | : | Magistrate Judge Chelsey M. Vascura |
| Defendant. | : | |

## STIPULATED PROTECTIVE ORDER

Plaintiff and Defendant, subject to the approval of the Court, agree to the following Order relating to all discovery that one or more parties claim to be or to reveal trade secrets, proprietary information, and/or confidential information, including, but not limited to, protected health information as that term is defined under the Health Insurance Portability and Accountability Act (HIPAA) and its concomitant regulations, confidential personnel information, and business and financial information.

The parties agree that this Order will expedite and facilitate discovery and provide reasonable and appropriate protection for confidential information and materials without impeding the parties' discovery and litigation involved in this action. The parties further agree that one of their reasons for agreeing to this Order is to enter into a qualified protective order as described in 45 C.F.R. §164.512(e).

**IT IS HEREBY ORDERED:**

1. <u>Confidential Information—Defined</u>: Any information produced by the parties during the course of discovery that is not generally known by or disclosed to the public, and all copies, excerpts, or summaries of the documents produced, including without limitation,

documents produced by a party pursuant to the Federal Rules of Civil Procedure, answers to requests for admission, answers to interrogatories, documents subpoenaed from a party in connection with deposition testimony, and deposition transcripts, may be designated as "Confidential" by any party. Any matter designated by a party as "Confidential" may only be disclosed to the following persons:

    (a)    The parties and attorneys of record for the parties in this action, the staff of their respective law firms, and, in the case of the corporate parties, their in-house counsel and in-house counsel's administrative and paralegal assistants;

    (b)    Experts or consultants hired by or consulted by such attorneys in connection with this case but only on the condition that the identity of such experts or consultants be disclosed (along with a current resume and a description of any consulting work performed in the preceding five years for any manufacturer or seller of cardiac surgery products) to the party producing such documents at least three business days prior to such disclosure, the expert or potential expert agrees to the restrictions set forth herein, and the party producing the documents does not make written objection, within three business days after disclosure, for cause to disclosure to such experts or consultants;

    (c)    Persons noticed for deposition or identified as witnesses pursuant to Rule 26 of the Federal Rules of Civil Procedure, to the extent necessary for the attorneys to litigate this matter or in preparation of the person's testimony in this case;

    (d)    The Court and Court personnel; and

    (e)    Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case.

2.    Any party from time to time may designate as "Confidential" any discovery materials they produce which contain confidential information (hereinafter "Confidential Discovery Materials"), the disclosure of which by the receiving party would, in good faith judgment of the party producing such material, result in disclosure of confidential commercial information or undue invasion of privacy and is necessary to protect the party's operational practices, trade secrets, proprietary interest or non-public information.

3. To the extent feasible, all confidential information shall be stamped "CONFIDENTIAL" prior to its production. Each party shall designate material it deems to be "CONFIDENTIAL" in the following manner:

    (a) By stamping all documents with the designation "CONFIDENTIAL."

    (b) By imprinting the designation "CONFIDENTIAL" next to each answer to an Interrogatory.

    (c) By describing in writing and in sufficient detail any non-written materials and by providing written notice to all other parties that such non-written material shall be kept "CONFIDENTIAL."

    (d) By affixing to the canister or cassette of all videotapes, DVDs, CDs, audiotapes, or other electronic storage devices the designation "CONFIDENTIAL."

4. In the event that a party inadvertently fails to designate any confidential information, the party producing that information may within thirty (30) days of production make such a designation by notifying the receiving person in writing. Each side shall treat information designated information as confidential until further order of the court.

5. In the case of deposition testimony, counsel for the person being deposed shall, within fourteen (14) days after the transcript has been received by such counsel, designate those portions of the transcript which contain testimony concerning Confidential Discovery Materials (hereinafter "Confidential Deposition Testimony"). During this 14-day period, the entire transcript shall be treated as though it was designated "CONFIDENTIAL" and shall be disclosed only to those persons listed above.

6. Confidential Discovery Materials or Confidential Deposition Testimony shall not be used by or communicated to any person or entity for business or competitive purposes or for any other purpose whatsoever except the prosecution or defense of this action.

7. Before disclosing Confidential Discovery Materials or Confidential Deposition Testimony to experts or other non-parties, the attorney or party disclosing the materials shall advise such persons of the restrictions of this Protective Order and obtain assurance that such person will be bound by its provision.

8. If the non-designating party anticipates disclosing Confidential Discovery Materials or Confidential Deposition Testimony in any pleading, motion, or other paper filed with the Court, such party seeking leave to file such Confidential Discovery Materials or Confidential Deposition Testimony under seal will follow the procedures set forth in Southern District of Ohio Local Rule 5.2.1. This provision does not relieve the filing party of serving the document on other parties in accordance with ordinary procedures established by the Civil and Local Rules or Court order.

9. This Protective Order shall not prevent any Confidential Discovery Materials or Confidential Deposition Testimony from being used by the Court or counsel of record at any hearing in this action, or from being offered and received into evidence at trial, subject to such confidentiality measures as the Court may then prescribe.

10. No person who obtains access to Confidential Discovery Materials or Confidential Deposition Testimony pursuant to this Protective Order may disclose that information to any persons other than those permitted access under this Protective Order, unless he or she first secures the written consent of the producing party, or obtains permission from the Court, upon motion and with notice to all parties.

11. Within thirty (30) days after the conclusion of trial and all appeals or any other termination of this action, all Confidential Discovery Materials or Confidential Deposition Transcripts shall be returned to the producing party at its request, or destroyed in a mutually agreeable manner, and all excerpts and summaries thereof shall be destroyed. The prohibitions of

this Protective Order which restrict the disclosure and use of Confidential Discovery Materials or Confidential Deposition Testimony shall continue to be binding after the conclusion of this action.

12. Any party may apply to the Court for an order modifying this Protective Order, removing the confidential designation from any discovery materials, or extracts or portions thereof, reclassifying Confidential Discovery Materials or further protecting Confidential Discovery Materials. The burden of persuasion regarding any party's confidentiality designation shall be governed by the Federal Rules of Civil Procedure and the applicable case law. This Protective Order is without prejudice to the rights of any party to object to the production of documents or information which it considers to be privileged or otherwise beyond the scope of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: April 6, 2018

/s/ Chelsey M. Vascura
UNITED STATES MAGISTRATE JUDGE

**AGREED TO AS TO FORM AND CONTENT:**

*/s/ Greg R. Mansell*
Greg R. Mansell (0085197)
Carrie J. Dyer (0090539)
MANSELL LAW, L.L.C.
1457 South High Street
Columbus, OH 43207
Telephone: 614.610.4134
Facsimile: 513.826.9311
E-mail: greg@manselllawllc.com
carrie@manselllawllc.com

*Attorneys for Plaintiff*

*/s/ Matthew O. Wagner (via email authorization)*
Deborah S. Adams (0005607)
Matthew O. Wagner (0089422)
FROST BROWN TODD, LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Telephone: 513.651.6800
Facsimile: 513.651.6981
E-mail: dadams@fbtlaw.com
mwagner@fbtlaw.com

Attorneys for Defendant